[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15251
Non-Argument Calendar

_____

D. C. Docket No. 07-00142-CV-2

JOHNNY BRETT GREGORY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 29, 2009)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Johnny Brett Gregory, a pro se federal prisoner, appeals the district court's

dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The district court dismissed Gregory's § 2241 petition because Gregory had not shown that his § 2241 petition falls within the "savings clause" of 28 U.S.C. § 2255. After review, we affirm.[1]

Generally, a collateral attack on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). If a petitioner previously has filed a § 2255 motion, he must apply for and receive permission from this Court before filing a successive § 2255 motion. 28 U.S.C. § 2244(b)(3), 2255(h). However, the "savings clause" of § 2255 permits a federal prisoner, even if he has already filed a § 2255 motion, to file a habeas petition pursuant to 28 U.S.C. § 2241 under certain circumstances. See 28 U.S.C. §§ 2241(a), 2255.

To fall within the savings clause, a petitioner must show that an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Consequently, a petitioner who has filed a previous § 2255 motion and

_____

[1]The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

been denied may not circumvent the successive-motion rule simply by filing a petition under § 2241. Id. Rather, under Wofford v. Scott, the savings clause applies when: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision establishes that the petitioner was convicted of a nonexistent offense; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. at 1244.

The district court did not err in dismissing Gregory's § 2241 petition. In 2006, Gregory pled guilty to possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. Gregory did not file a direct appeal of his convictions or sentences. In 2007, Gregory filed his first § 2255 motion, arguing that his firearm offense was not supported by sufficient evidence. The district court denied this § 2255 motion as barred by Gregory's plea agreement and without merit. Gregory voluntarily dismissed his appeal of the denial. Gregory then filed the instant petition without first obtaining permission from this Court. Thus, Gregory's petition is barred as a successive motion unless it falls within the savings clause and can proceed under § 2241.

Gregory does not make any argument that he satisfies the Wofford test or identify any retroactively applicable Supreme Court precedent. Instead, Gregory

3

makes substantive arguments about his underlying claims. Specifically, Gregory argues: (1) unconstitutional defects in his indictment; (2) prosecutorial misconduct; (3) breach of the plea agreement; (4) ineffective assistance of counsel; and (5) actual innocence as to a dismissed count.[2] However, a petitioner may not argue the merits of his claims until he has "open[ed] the portal" to a § 2241 proceeding by showing that the savings clause applies. Id. at 1244 n.3. Given that Gregory has not satisfied even the first prong of the Wofford test, the § 2241 portal remains shut, and we have no cause to address the merits of his underlying claims.

    **AFFIRMED.**

---

[2]We note, in any event, that Gregory's "actual innocence" argument relates to a third count in his indictment – for being a felon in possession of a firearm – that was dismissed as part of the plea agreement and does not relate to either count of conviction.